IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION
CIVIL ACTION NO.: 1:25-cv-13472-JFA

| | |
|---|---|
| CHASSIDY STILL individually and as parent and general guardian of JANE ROE, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, BARNWELL PEDIATRICS, P.A., LOW COUNTRY HEALTH CARE SYSTEM, INC., CHRISTOPHER CARROLL, VERNON WHITELY, MD, AIKEN REGIONAL MEDICAL CENTER, INC., AIKEN REGIONAL MEDICAL CENTER, LLC, AIKEN PROFESSIONAL ASSOCIATION, LLC ALLISON JILL ENTER, MD, LORENZO SAMPSON, MD, BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, CHILDREN'S HOSPITAL OF GEORGIA, AUGUSTA UNIVERSITY HOSPITAL, AUGUSTA UNIVERSITY MEDICAL CENTER, AUGUSTA UNIVERSITY MEDICAL ASSOCIATES, AU MEDICAL CENTER, INC., AU HEALTH SYSTEM, INC., MCG HEALTH, INC., WELLSTAR MCG HEALTH, KENNETH CHRISTIAN WALTERS, MD, IMAD RADI, MD, JOHN DOE, and DOE CORPORATION,<br><br>Defendants. | **COMPLAINT**<br><br>(Medical Malpractice)<br><br>**JURY TRIAL DEMANDED** |

1. The Plaintiff, complaining of the Defendants, alleges and states as follows:

**JURISDICTION**

2. Some of the medical care at issue in this action was provided by persons (Christopher

Page 1 of 7

Carroll and Vernon Whitley, MD) who were acting as the actual and apparent agents, servants, and employees of Barnwell Pediatrics, P.A., a medical practice operated by Low Country Health Care System, Inc. that is a Health Center Program grantee under 42 U.S.C. §254b deemed to be both a Public Health Service employee under 42 U.S.C. §233(g)-(n) and also a Federal Tort Claims Act Deemed Facility (collectively referred to as "Barnwell Pediatrics"). The United States of America is the proper party Defendant for claims against Barnwell Pediatrics and its agents, servants, and employees who were acting in the course and scope of their agency.

3. This court has exclusive subject matter jurisdiction over the claims against the United States of America pursuant to 28 U.S.C. §1331 in that this case presents a controversy arising under an Act of Congress governable by the Federal Tort Claims Act, 28 U.S.C. §1346(b)(United States as Defendant).

4. The court has subject matter jurisdiction over the claims against diverse Defendants pursuant to 28 U.S.C. §1332 in that those claims involve a dispute between residents of different states and an amount in controversy which exceeds $75,000 exclusive of interest and attorneys fees.

5. The court has supplemental jurisdiction over any claim neither arising under an Act of Congress nor asserted against a diverse Defendant pursuant 28 U.S.C. §1367(a), in that all of the Plaintiffs' claims and causes of action arise out of one continuously unfolding chain of foreseeable events thereby forming a common nucleus of operative facts and presenting one Article III case and controversy. The actions and conduct of each Defendant combined and contributed with that of the others to perpetuate a retained foreign object thereby bringing about the harms and losses for which relief is sought.

**VENUE**

6. Venue of this action in this District and Division is proper pursuant to 28 US.C. §1391(b)(1), (2), and (3), in that the Plaintiffs reside in Barnwell County, South Carolina; Barnwell Pediatrics is located in Barnwell County, South Carolina; and the most substantial portion

of the underlying events occurred in Aiken and Barnwell Counties in South Carolina.

**PARTIES**

7. Chassidy Still ("Ms. Still") is a citizen and resident of Barnwell County, South Carolina. She is the natural mother and general guardian of her minor child, Jane Roe ("Roe"), who at the time of the matters alleged herein was eight years old and residing with Ms. Still. Roe remains a minor under the age of eighteen years at the time of the commencement of this action. Ms. Still is a proper party to bring this action on behalf of Roe pursuant to Fed.R.Civ.P. 17(c)(1)(A).

8. Christopher Carroll ("Mr. Carroll") and Vernon Whitley, MD ("Dr. Whitley") are medical professionals who were at all times acting as the actual and apparent agents, servants, and employees of Barnwell Pediatrics and of the United States of America, which is legally responsible for their actions and conduct.

9. Aiken Regional Medical Center, Inc. and Aiken Regional Medical Center, LLC are businesses organized and existing pursuant to the laws of the State of South Carolina with their principal places of business located in Aiken County, South Carolina. These businesses own, operate, and control Aiken Regional Medical Center ("ARMC"), a medical care facility located in Aiken County, South Carolina holding itself out to the general public as a place for citizens of South Carolina to obtain medical care provided by persons who are the actual and apparent agents, servants, and employees of ARMC.

10. Aiken Professional Association, LLC ("APA") is a business organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in Aiken County, South Carolina. At all times relevant to the matters alleged herein, APA was acting by and through its actual and apparent agents, servants, and employees including but not limited to Dr. Sampson, Dr. Enter, and Doe, for whose actions and conduct it is legally liable.

11. Allison Jill Enter, MD ("Dr. Enter") is a citizen and resident of Aiken County, South Carolina who at all times relevant to the matters alleged herein had a physician/patient relationship

with Roe. Dr. Enter was acting as the actual and apparent agent, servant, and employee of ARMC, APA, and Doe, which are legally liable for her actions and conduct.

12. Lorenzo K. Sampson, MD ("Dr. Sampson") is a citizen and resident of Aiken County, South Carolina who at all times relevant to the matters alleged herein had a physician/patient relationship with Roe. Dr. Sampson was acting as the actual and apparent agent, servant, and employee of ARMC, APA, and Doe, which are legally liable for his actions and conduct.

13. The Board of Regents of the State of Georgia is an agency of the State of Georgia that is legally liable for the actions and conduct of the medical care providers at Children's Hospital of Georgia who treated Roe including but not limited to Dr. Walters, Dr. Radi, and Doe.

14. John Doe and Doe Corporation ("Doe") represent persons and entities who had a material role in providing medical care to Roe as alleged herein but whose identities, after reasonable diligence, are unknown and unknowable to Ms. Still and Roe but known by or available to the other Defendants.

15. Children's Hospital of Georgia, Augusta University Hospital, Augusta University Medical Center, Augusta University Medical Associates, AU Medical Center, Inc., AU Health System, Inc., MCG Health, Inc., Wellstar MCG Health, and Doe Corporation (collectively referred to as "the Hospital") are all businesses organized and existing pursuant to the laws of a State other than South Carolina, with principal places of business located outside the State of South Carolina, and which do business by participating in the operation of Augusta, Georgia-based facilities purposefully holding themselves out as providing medical care to residents of South Carolina. These entities each have a principal and agent or similar relationship with Dr. Walters, Dr. Radi, and Doe whereby the Hospital exercised control or had the right to exercise control over them, so that these entities are legally liable for their actions and conduct.

16. Kenneth Christian Walters, MD ("Dr. Walters") is a citizen and resident of the State of Georgia who at all times relevant to the matters alleged herein had a physician/patient

relationship with Roe. Dr. Walters was acting as the actual and apparent agent, servant, and employee of the Hospital, which is legally liable for his actions and conduct.

17. Imad Radi, MD ("Dr. Radi") is a foreign national residing in Augusta, Georgia who at all times relevant to the matters alleged herein had a physician/patient relationship with Roe. Dr. Radi was acting as the actual and apparent agent, servant, and employee of the Hospital, which is legally liable for his actions and conduct.

## COMMON FACTUAL ALLEGATIONS

18. Roe suffered a penetrating injury when she did a front flip with a pencil in her back pocket so that when she landed the pencil punctured her lower back.

19. Two pencil fragments, each measuring about an inch in length, became lodged in the puncture wound.

20. Roe received medical attention for the puncture wound from Mr. Carroll and Dr. Whitley at Barnwell Pediatrics.

21. Mr. Carroll unreasonably failed to identify or remove the pencil fragments.

22. Dr. Whitley unreasonably failed to identify or remove the pencil fragments.

23. The puncture wound did not fully heal.

24. Roe received medical attention for the puncture wound from Dr. Sampson and Dr. Enter at Aiken Regional Medical Center.

25. Dr. Sampson unreasonably failed to identify or remove the pencil fragments.

26. Dr. Enter unreasonably failed to identify or remove the pencil fragments.

27. The puncture wound did not fully heal.

28. Roe received medical attention for the puncture wound from Dr. Walters and Dr. Radi at Children's Hospital of Georgia.

29. Dr. Walters unreasonably failed to identify or remove the pencil fragments.

30. Dr. Radi unreasonably failed to identify or remove the pencil fragments.

31. The puncture wound did not fully heal.

32. Roe received medical attention from Khoi Nguyen, MD at Children's Hospital of Georgia.

33. Dr. Nguyen ordered an MRI of Roe's lumbar spine.

34. The MRI revealed retained foreign bodies.

35. Dr. Nguyen removed two approximately one-inch long pencil fragments from Roe's back, as is accurately depicted in this photo:



36. Due to the length of time the pencil fragments were retained in her lower back (approximately 10 months) Roe developed osteomyelitis and other derangements in her lumbar spine.

37. Roe required bone resection to treat the osteomyelitis.

38. Roe required antibiotics to treat the osteomyelitis.

39. Roe suffered an adverse reaction to the antibiotics used to treat the osteomyelitis.

40. Roe required extended medical treatment to recover from the osteomyelitis and from the adverse reaction to the antibiotics.

41. Ms. Still suffered mental anguish, anxiety, and psychological trauma and has incurred financial expense in attending to the care of her minor child, Roe, who likewise has experienced pain, suffering, loss of the enjoyment of life, disfigurement, and other harms and losses of both an economic and non-economic nature.

**FOR A FIRST CAUSE OF ACTION**
(Medical Negligence)

42. The allegations in Paragraphs 1 through 41 are repeated as if realleged herein.

43. Ms. Still and Roe have suffered both economic and noneconomic harms and losses due to and caused by the negligent, grossly negligent, willful, wanton, and reckless actions and conduct of the Defendants, foreseeably combining and contributing together with one another, in the following particulars:

   a. failing to obtain a full, complete, and pertinent medical history;
   b. failing to order an MRI;
   c. failing to identify the retained pencil fragments for approximately 10 months;
   d. failing to remove the retained pencil fragments for approximately 10 months;
   e. in such other particulars as the evidence through discovery and trial may hereafter tend to prove or suggest.

44. Ms. Still, for herself and on behalf of Roe, her minor child, is entitled to recover actual and punitive damages against the Defendants, jointly and severally, in amounts to be determined by the trier of fact.

WHEREFORE the Plaintiffs pray for judgment against the Defendants, jointly and severally, in an amount of actual and punitive damages to be determined by the trier of fact, together with the costs of this action; and for such further legal and equitable relief as the court deems just and proper.

BY:  S/ Robert B. Ransom  
Robert B. Ransom  
Federal ID No. 04872  
LEVENTIS & RANSOM  
Post Office Box 11067  
Columbia, SC 29211  
(803) 765-2383  

ATTORNEYS FOR THE PLAINTIFF