UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CHASSIDY STILL individually and as parent and general guardian of JANE ROE, a minor,<br><br>*Plaintiff,*<br><br>Versus<br><br>THE UNITED STATES OF AMERICA, BARNWELL PEDIATRICS, P.A., LOW COUNTRY HEALTH CARE SYSTEM, INC., CHRISTOPHER CARROLL, VERNON WHITELY, MD, AIKEN REGIONAL MEDICAL CENTER, INC., AIKEN REGIONAL MEDICAL CENTER, LLC, AIKEN PROFESSIONAL ASSOCIATION, LLC ALLISON JILL ENTER, MD, LORENZO SAMPSON, MD, BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, CHILDREN'S HOSPITAL OF GEORGIA, AUGUSTA UNIVERSITY HOSPITAL, AUGUSTA UNIVERSITY MEDICAL CENTER, AUGUSTA UNIVERSITY MEDICAL ASSOCIATES, AU MEDICAL CENTER, INC., AU HEALTH SYSTEM, INC., MCG HEALTH, INC., WELLSTAR MCG HEALTH, KENNETH CHRISTIAN WALTERS, MD, IMAD RADI, MD, JOHN DOE, and DOE CORPORATION,<br><br>*Defendants.* | C/A No. 1:25-cv-13472-JFA<br><br><br><br><br><br><br>**DEFENDANT AIKEN REGIONAL MEDICAL CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br>**(Jury Trial Requested)** |

COMES NOW, the Defendant Aiken Regional Medical Centers, LLC (incorrectly identified as "Aiken Regional Medical Center, LLC") (hereinafter "this Defendant"), by and through its undersigned attorneys hereby responds to the allegations in the Plaintiff's Complaint subject to all affirmative defenses and motions as follows:

1.      This Defendant denies each and every allegation of the Plaintiff's Complaint which is not specifically admitted herein.

2.      Paragraph 1 of the Plaintiff's Complaint contains no allegations regarding this Defendant and no response is required from this Defendant.

## AS TO JURISDICTION

3.      The allegations contained in Paragraph 2 of the Plaintiff's Complaint are not directed at this Defendant and therefore no response is required. To the extent that a response is deemed necessary, this Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiff's Complaint and therefore denies the same.

4.      The allegations contained in Paragraphs 3, 4, and 5 of the Plaintiff's Complaint purport to state conclusions of law to which no response is required from this Defendant. To the extent that a response is deemed necessary, this Defendant does not challenge jurisdiction at this time.

## AS TO VENUE

5.      In response to the allegations contained in Paragraph 6 of the Plaintiff's Complaint this Defendant does not challenge venue at this time.

## AS TO PARTIES

6.      The allegations contained in Paragraphs 7 and 8 of the Plaintiff's Complaint are not directed at this Defendant and therefore no response is required. To the extent that a response is deemed necessary, this Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 7 and 8 of the Plaintiff's Complaint and therefore denies the same.

7. In response to the allegations contained in Paragraph 9 of the Plaintiff's Complaint, this Defendant admits only that it is a South Carolina limited liability company operating a healthcare facility located in Aiken County, South Carolina. Further responding, "Aiken Regional Medical Center Inc." as identified in Paragraph 9 of the Plaintiff's Complaint is a dissolved entity exhibiting no ownership or control over the Aiken Regional Medical Centers. To the extent that the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint may be read to assert factual allegations or liability against this Defendant, this Defendant denies the same.

8. The allegations contained in Paragraph 10 of the Plaintiff's Complaint are not directed at this Defendant and therefore no response is required. To the extent that a response is deemed necessary, this Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint and therefore denies the same.

9. The allegations contained in Paragraph 11 of the Plaintiff's Complaint are not directed at this Defendant and therefore no response is required. To the extent that a response is deemed necessary, this Defendant denies Dr. Enter is an employee of ARMC.

10. The allegations contained in Paragraph 12 of the Plaintiff's Complaint are not directed at this Defendant and therefore no response is required. To the extent that a response is deemed necessary, this Defendant denies Dr. Sampson is an employee of ARMC.

11. The allegations contained in Paragraphs 13, 14, 15, 16, and 17 of the Plaintiff's Complaint are not directed at this Defendant and therefore no response is required. To the extent that a response is deemed necessary, this Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 13, 14, 15, 16, and 17 of the Plaintiff's Complaint and therefore denies the same.

## AS TO COMMON FACTUAL ALLEGATIONS

12.     In response to the allegations contained in Paragraphs 18, 19, 20, 21, 22, 23 and 24 of the Plaintiff's Complaint, this Defendant craves reference to Plaintiff's medical records from all providers for a more complete description of the patient's medical conditions and the care and the treatment provided and denies any and all allegations inconsistent therewith. This Defendant specifically denies any allegations contained in Paragraphs 18, 19, 20, 21, 22, 23 and 24 intended to allege liability on the part of this Defendant and any allegations inconsistent with this Defendant's position it complied with the standard of care.

13.     This Defendant denies the allegations contained in Paragraphs 25 and 26 of the Plaintiff's Complaint.

14.     In response to the allegations contained in Paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41 of the Plaintiff's Complaint, this Defendant craves reference to Plaintiff's medical records from all providers for a more complete description of the patient's medical conditions and the care and the treatment provided and denies any and all allegations contained in Paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41 inconsistent therewith. This Defendant specifically denies any allegations intended to allege liability on the part of this Defendant and any allegations inconsistent with this Defendant's position it complied with the standard of care.

## AS TO A FIRST CAUSE OF ACTION
### (Medical Negligence)

15.     In response to allegations contained in Paragraph 42 of the Plaintiff's Complaint, this Defendant reasserts and realleges the above paragraphs as if fully restated herein verbatim.

16. This Defendant denies the allegations contained in Paragraphs 43 (including subparts a., b., c., d., e.) and 44 of the Plaintiff's Complaint, such being the remaining allegations contained in the First Cause of Action.

17. This Defendant denies the allegations contained in the "WHEREFORE" Paragraph in the Plaintiff's Complaint, such being the remaining allegations contained in the Plaintiff's Complaint.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
**(Failure to State a Claim)**

18. The allegations contained in the Plaintiff's Complaint fail in their entirety to state a claim upon which relief may be granted against this Defendant.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
**(No Deviation from Standard of Care)**

19. That the care and treatment administered by this Defendant conformed to and was in full compliance with the standard of care. All care and treatment administered by this Defendant was within acceptable medical standards and methods, and, at no time pertinent hereto, did this Defendant deviate from any medical standard while caring for or tending to the Plaintiff's decedent. Consequently, the Plaintiff is barred from recovery against this Defendant.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
**(No Proximate Cause)**

20. That, even if this Defendant was negligent, as alleged in the Complaint, which is specifically denied, the negligence of this Defendant is not the direct or proximate cause of any injury alleged by the Plaintiff and therefore this Defendant is not liable for any damages allegedly sustained by the Plaintiff.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Intervening/Superseding Cause)**

21. Whatever injuries and damages, if any, may have been sustained by the Plaintiff, they were due to the superseding and/or intervening cause beyond the control of this Defendant.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Statutory Caps Damages)**

22. This Defendant invokes all applicable statutory caps on damages Plaintiff may claim (including caps on punitive and non-economic damages).

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Punitive Damages Unconstitutional)**

23. That any award or assessment of punitive damages as prayed for by the Plaintiff would violate this Defendant's Constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Limitation of Punitive Damages)**

24. Any punitive damages awarded in this case would be subject to the limitations described in S.C. Code Ann. § 15-32-350.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Non-Economic Damage Awards)**

25. No award for noneconomic damages shall exceed the statutory limits contained in the Noneconomic Damages Awards Act of 2005, South Carolina Code Ann. §15-32-200, et. seq. This Defendant is a health care provider as defined by S.C. Code Ann. §15-32-210 and pursuant

to §15-32-220 of the Noneconomic Damage Awards Act of 2005, any potential recovery of noneconomic damages is limited to the amounts stated therein.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
(Set Off; S.C. Code Ann. § 15-38-50)**

26.  This Defendant asserts a right to set-off exists as to any settlements, compensation or other recovery received by the Plaintiff for the claims, injuries and damages alleged in the Plaintiff's Complaint from any other party alleged to be liable for the same injury.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
(S.C. Code Ann. § 15-38-10 et seq.)**

27.  Any award obtained by the Plaintiff is subject to the provisions of S.C. Code Ann. § 15-38-10 et seq.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
(Reservation and Non-Waiver)**

28.  This Defendant reserves any additional and affirmative defenses as may be revealed or become available to it during the course of their investigation and/or discovery in the case and is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Plaintiff's Complaint, and having asserted these affirmative defenses, the Defendant, Aiken Regional Medical Centers, LLC, prays that the Plaintiff's Complaint be dismissed with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC  29402
        Phone: (843) 577-4435
        Facsimile: (843) 722-1630

        */s/ Brian E. Johnson*
        Molly H. Craig (6671)
        molly.craig@hoodlaw.com
        Brian E. Johnson (10098)
        brian.johnson@hoodlaw.com
        Mark A. Hinds (14389)
        mark.hinds@hoodlaw.com

        *Attorneys for the Defendant*
        *Aiken Regional Medical Centers, LLC (incorrectly identified as "Aiken Regional Medical Center, LLC")*

December 17, 2025
Charleston, South Carolina